**In re the MARRIAGE OF Linda Maureen WILSON and Donald Robert Wilson.**

**Upon the Petition of**

**Linda Maureen Wilson, Appellant,**

**And Concerning**

**Donald Robert Wilson, Appellee.**

**No. 96–26.**

Supreme Court of Iowa.

Dec. 24, 1997.

Dan T. McGrevey, Fort Dodge, for appellant.

Stephen G. Kersten of Kersten & Carlson, Fort Dodge, for appellee.

Considered by HARRIS, P.J., and NEUMAN, SNELL, ANDREASEN, and TERNUS, JJ.

HARRIS, Justice.

Because the law favors permanency for its decrees, support orders have long been considered final concerning the rights and obligations of parties to domestic litigation under the existing circumstances. Thus parties have long been compelled to seek modification of support orders by claiming a substantial change of circumstances. *In re Marriage of Vetternack*, 334 N.W.2d 761, 762 (Iowa 1983). The principle is codified in Iowa Code section 598.21(8) (1995). After sorting through the conflicting societal interests, the legislature enacted Iowa Code section 598.21(9). Under this enactment, a deviation of ten percent or more between an existing order for child support and the amount that would be due under the most current child support guidelines constitutes a substantial change in circumstances.

In this appeal from an order modifying a child support order, the court of appeals majority overruled its holding in *In re Marriage of Hess*, 522 N.W.2d 861, 864 (Iowa App.1994). *Hess* addressed a special situation: whether a base for applying the statutory ten percent rule exists in cases where the parties divide the custody of the children by separating them—with each parent taking custody of one—with no support ordered from either parent. Under *Hess* the statutory ten percent rule did not apply in this situation, so no substantial change of circumstances justified a modification. We think the court of appeals majority was correct in overruling *Hess*. We affirm the court of appeals decision and reverse and remand the judgment of the district court.

I. At the time their marriage was dissolved in November 1981, Linda and Donald Wilson were parents of two children. Joshua was six at the time, and Jeanna was two. Under a written stipulation Donald was given custody of Joshua, and Linda was given custody of Jeanna. The agreement provided neither party would be "required to pay child support for the noncustodial child." There was no provision concerning a continuing support obligation in the event the children attended college, nor a provision regarding medical expenses not covered by insurance. Moreover there was no provision concerning whether Donald would acquire a support obligation for Jeanna when Joshua became emancipated. The district court adopted the stipulation in its dissolution decree.

Joshua became eighteen years old in April 1993 and graduated from high school two months later. He subsequently obtained employment with Donald's construction company and did not pursue a vocational or college

education. Donald however continued to support Joshua through July 1995 while he lived at home.

In December 1994 Linda filed a petition to modify the 1981 decree to require Donald to pay child support for Jeanna. She claimed the completion of Donald's obligation to support Joshua prior to the completion of her obligation to support Jeanna constituted a substantial change in circumstances and justified a modification. Both the district court and the court of appeals correctly rejected this contention. Joshua would obviously reach eighteen years before Jeanna and this was—or plainly should have been—contemplated by both parties at the time of the dissolution.

Linda had an alternative basis for her claim of changed circumstances: the child support provision (providing no support) deviated by more than ten percent from the amount that would be due under the guidelines. This alternative ground, though much sounder, presented Linda with a difficulty: it was a direct challenge to the holding in *Hess.* Bound by *Hess,* the district court also rejected this contention and declined to order modification. But, much less awed by its former view in *Hess,* the court of appeals majority determined the ten percent variance rule applies in situations such as the one involved here, and overruled the *Hess* decision. It grounded its opinion on general principles of split custody and the oft-cited rule that, when physical care of two children is split between parents, the support obligation is merely set off. *See In re Marriage of Will,* 489 N.W.2d 394, 400 (Iowa 1992); *In re Marriage of Hansen,* 465 N.W.2d 906, 910 (Iowa App. 1990). The court of appeals majority concluded:

> [A] decree of dissolution of marriage providing for split physical care or custody of children with neither parent obligated to pay child support to the other parent nevertheless constitutes a court order for child support. Thus, the ten percent rule set forth in section 598.21(9) would apply to support a modification of a child support provision involving split physical care of children even though there is no actual obligation to pay child support by one parent to the other parent.

■ II. It is not surprising that Donald urges equitable claims. He contends it is unjust to allow Linda to reap the advantage of his long compliance to their stipulation (to say nothing of his other contributions for Jeanna not demanded by the stipulation). He points out that Linda calls for modification after she could no longer be called upon to support Joshua. Donald points out the fact that, in the early years of the arrangement when he was entering the construction business, Linda's income greatly exceeded his. These estoppel-type arguments have some appeal, as equitable arguments generally do, but in the end they must fail.

Donald's difficulty, as the court of appeals majority correctly saw, lies in the mandatory nature of the guidelines. Equitable arguments might serve to sort out what is appropriate and fitting as between parents. But such arguments must yield to what has been set in the guidelines as appropriate and fitting for children. The legislature clearly mandated that the guidelines become implicated under the ten percent rule provided in Code section 598.21(9). There is no escape from that implication in a stipulation between the parents, even if it is ratified in a trial court decree.

We adopt as our own the following summary and disposition from the court of appeals decision:

> The evidence shows Donald's net income per month is $2245. Linda's net monthly income is $1735. Under the guidelines Donald should contribute $460 each month for the support of Jeanna. We modify the decree accordingly, and make it retroactive to the date of the district court order on the petition for modification. The support obligation shall continue until Jeanna turns eighteen years of age or graduates from high school, whichever occurs first, and we remand to the district court to determine Donald's continuing support obligation in the event Jeanna pursues education beyond high school.... We deny all requests for attorneys fees.

DECISION OF COURT OF APPEALS AFFIRMED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED.