**IN THE COURT OF APPEALS OF IOWA**

No. 14-1430
Filed March 11, 2015


**IN RE THE MARRIAGE OF ELIZABETH A. STREMPKE
AND DONALD L. STREMPKE**

**Upon the Petition of**
**ELIZABETH A. STREMPKE, n/k/a ELIZABETH A. CUMMINGS,**
        Petitioner-Appellee,

**And Concerning**
**DONALD L. STREMPKE,**
        Respondent-Appellant.
_____


        Appeal from the Iowa District Court for Fayette County, John J.

Bauercamper, Judge.


        Donald Strempke appeals from the district court's ruling on Elizabeth

Cummings's application to modify the child support provisions of the parties'

dissolution decree and his cross-claim to modify custody.  **AFFIRMED.**


        Joseph G. Martin of Swisher & Cohrt, P.L.C., Waterloo, for appellant.

        Gary F. McClintock of McClintock Law Office, Independence, for appellee.


        Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**POTTERFIELD, J.**

Donald Strempke appeals from the district court's ruling on Elizabeth Cummings's application to modify the child support provisions of the parties' dissolution decree and his cross-claim to modify custody. On our de novo review, we find there has been a substantial change of circumstances to warrant modifying child support and visitation provisions, but not the physical care provisions of the decree. We therefore affirm.

**I. Scope and Standard of Review.**

This modification action was tried in equity, and our review is de novo. Iowa R. App. P. 6.907. "In our de novo review we examine the whole record, find our own facts, and adjudicate rights anew on issues properly before us." *Sun Valley Iowa Lake Ass'n v. Anderson*, 551 N.W.2d 621, 629 (Iowa 1996). "We give respectful consideration to the district court's fact findings, especially when witness credibility is an issue, but we are not bound by those facts." *Id.*; *accord* Iowa R. App. P. 6.904(3)(g).

**II. Background Facts and Proceedings.**

On our de novo review, we find the relevant facts as follows. Donald and Elizabeth married in 1997 and became the parents of three children, born in 1999, 2000, and 2001. In 2007, the district court entered a decree dissolving their marriage. The decree awarded Elizabeth and Donald "joint custody" and placed physical care with Elizabeth "due to [Donald] being in the Armed Forces." The parties stipulated they "had agreed upon a visitation schedule that works with each part[y's] work/school schedules and what visitation schedule is best for the children." Each party was allowed to claim one child as a tax dependent

each year and they alternated the credit for the youngest child. No child support was ordered. Donald was responsible for health insurance coverage for the children "so long as it is available to him."

Elizabeth has since remarried. Donald has terminated his employment in the armed forces and, at the time of the modification trial, is no longer employed.

In December 2013, Elizabeth filed an application for modification of the decree asserting, in part:

> 3. The parties had agreed to no child support due to [Elizabeth] receiving support through the military due to [Donald] being deployed. [Donald] is no longer in the military due to health issues and will be receiving disability benefits for himself. The three minor children will also be receiving a disability check on behalf of [Donald] and [Elizabeth] requests that she be allowed to receive the checks on behalf of the children.
> 4. That there has been a material and substantial change of circumstances that warrants a modification of the decree, as [Donald] is no longer in the military and [Elizabeth] no longer receives child support from the military and requests that she receive the children's disability checks due to [Donald] being on VA disability.
> 5. Since [Donald] was discharged from the military [Elizabeth] has provided all of the support for her children and has received no help from [Donald] . . . .

She also sought modification with respect to the health insurance, which Donald no longer provided, and the dependent tax deductions. Donald filed a counterclaim seeking shared physical care of the children.

On February 24, 2014, the district court entered its ruling on temporary matters. The court noted Donald's last deployment ended in May 2012. "Since then, he has had visitation with the children every other weekend. However, he has not seen his oldest son since approximately November 2013. His oldest son refuses to visit." The court set a specified temporary visitation schedule in the

event the parties could not agree on other visitation. The court also ruled "[Donald] is encouraged to arrange for counseling for himself and [the oldest child]." Elizabeth was to cooperate with counseling for the eldest "as well as the other children, if recommended by the counselor."

At the June 14, 2014 trial, the parties stipulated to and submitted two alternative child support guidelines worksheets: if the court ordered shared physical placement, one calculation was applicable; if the children remained in Elizabeth's physical care, Donald would pay $478.98 per month.

The trial testimony established the two parents did not communicate well. Elizabeth believed Donald should "just know" what the children needed and should provide for those needs financially. She acknowledged she had not given him any specific figures when he asked how much he should provide. Elizabeth testified she was soon to earn her certification as a nurse practitioner. She was currently employed by Hawkeye Community College, earning $58,628 per year, and providing medical insurance for the children. She testified that the children had received monthly payments while Donald was deployed, but there had been no payments received since 2012, when Donald left the military.

Donald testified he was experiencing posttraumatic stress disorder and was not currently employed.[1] He had left the armed forces in 2012 and was currently receiving $1740 per month for "non-service connected pension," which is based in part on the number of his minor dependents. Donald testified he is not able to attend the children's school functions because he is not comfortable

---

[1] In 2012, Donald had forgotten who and where he was, leaving his house (door open, wallet and car keys inside), and ending up in another city on a day he was to have the children in his care.

around people; he experiences flashbacks. However, he felt he was receiving services from the Veterans Administration and felt he was continuing to improve. Donald testified that "since I am out of the military, and doing better, and post-traumatic stress, that I need my kids."

The district court entered a ruling on June 12, 2014, concluding the evidence was insufficient to modify placement, but a modification of visitation was needed "[b]ecause the original decree did not provide a visitation schedule" and "the parties now have difficulty in communication." The court also concluded child support in accordance with child support guidelines should be ordered. Donald was ordered to pay child support in the amount of $478.98 per month, which "include[d] [his] medical insurance cash contribution." The court also ruled Elizabeth was allowed to claim two minor children as dependent exemptions and Donald was allowed to claim one. When only two children are dependents, each parent could claim one. Elizabeth was allowed the exemption when only one child remained dependent.

Donald filed a motion to amend and enlarge claiming he should have been awarded shared physical care. "In the event the court chooses not to modify its ruling in regards to physical placement," he argued he should not be ordered to pay child support because the parties had stipulated that so long as they shared "joint custody," neither party would pay child support. The district court denied the motion, concluding its "findings of fact were supported by substantial evidence in the record and the law was correctly applied, in the best interests of the minor children."

Donald appeals, concluding the court erred in finding modification of physical care was not justified and in granting a modification of child support.

**III. Discussion.**

*A. Physical care.* The objective of physical care "is to place the children in the environment most likely to bring them to health, both physically and mentally, and to social maturity." *In re Marriage of Hansen*, 733 N.W.2d 683, 695 (Iowa 2007). Changing physical care of children is one of the most significant modifications that can be undertaken. *See In re Marriage of Thielges*, 623 N.W.2d 232, 236 (Iowa Ct. App. 2000). The parent seeking to modify the physical care provision of a dissolution decree must prove "there has been a substantial change in circumstances since the time of the decree not contemplated by the court when the decree was entered, which is more or less permanent and relates to the welfare of the child." *In re Marriage of Malloy*, 687 N.W.2d 110, 113 (Iowa Ct. App. 2004). In addition, the parent seeking to modify physical care has a "heavy burden" and "must show the ability to offer superior care." *Id.*; *see In re Marriage of Spears*, 529 N.W.2d 299, 301 (Iowa Ct. App. 1994) (stating "once custody of the children has been fixed, it should be disturbed only for the most cogent reasons"). The controlling consideration is the children's best interests. *In re Marriage of Fennelly*, 737 N.W.2d 97, 101 (Iowa 2007).

Upon our de novo review of the record, we agree with the district court that Donald has not met these high standards: Elizabeth has had physical care of the children since the decree was entered and Donald has not shown an ability to offer superior care.

*B. Child support.* Even though a support obligation is based on a stipulation, it may still be subject to modification. *In re Marriage of Wilson*, 572 N.W.2d 155, 157 (Iowa 1997). Pursuant to Iowa Code section 598.21C (2013), a court may modify an order of child support when a "substantial change in circumstances" has been shown to exist. Factors the court is to consider include changes in the employment, earning capacity, income or resources of a party; changes in the physical, mental, or emotional health of a party; and remarriage of a party. *See* Iowa Code § 598.21C(1)(a), (e), (g). While the district court did not explicitly find a change of circumstances warranted modification of child support, that finding is inherent in the ruling—as well as in the parties' stipulation to child support pursuant to the guidelines.

Here, Elizabeth has proved a substantial change of circumstances warrants an order of child support. Both parties have changed employment status, and Donald receives income from the military, which includes support for the children. While the children received support from Donald (via the military) while he was deployed, no support had been forthcoming since 2012. The support ordered was based upon the guidelines and the parties' stipulated calculations. *See* Iowa Code § 598.21B(2)(c) ("There shall be a rebuttable presumption that the amount of child support which would result from the application of the guidelines prescribed by the supreme court is the correct amount of child support to be awarded."). Finding no reason to disagree with the district court's ruling, we affirm.

**AFFIRMED.**