**IN THE COURT OF APPEALS OF IOWA**

No. 15-1421
Filed August 17, 2016

**HEATHER RANAE SMITH,**
        Petitioner-Appellee,

**vs.**

**JEFFREY MICHAEL JANSSEN,**
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Robert B. Hanson,

Judge.


        Jeffrey Janssen appeals the denial of his application for modification

concerning the parties' minor children. **AFFIRMED IN PART, REVERSED IN**

**PART, AND REMANDED.**



        Lynne Wallin Hines of Lynne W. Hines Law Office, Des Moines, for

appellant.

        Michael P. Holzworth, Des Moines, for appellee.


        Considered by Tabor, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

Jeff Janssen appeals the district court's ruling denying his request to modify the parties' paternity decree granting Heather Smith physical care of the minor children. He also claims the court incorrectly calculated his child support obligation and visitation schedule. Both parties request appellate attorney fees. We affirm the denial of Jeff's request to modify the custodial order and Jeff's request to modify the holiday visitation schedule. We reverse and remand the district court's calculation of Jeff's child support obligations and modification of Jeff's non-holiday visitation schedule.

## I.    BACKGROUND FACTS AND PROCEEDINGS

Jeff and Heather are the parents of two minor children, J.J. and N.J. The parties were never married. In November 2010, an order was entered establishing paternity, child support, and visitation. Joint legal custody was ordered and Heather received physical care of both children.

Concerning the parties' backgrounds since the entry of the 2010 custody order, the district court stated:

> Jeff completed high school. He subsequently obtained his undergraduate degree and, as of the conclusion of trial herein, was about to obtain his juris doctorate from Drake University Law School. Jeff has gotten married to a pharmacist who has stable employment with Hy-Vee and earns approximately $130,000.00 a year. The two of them live in a nice home in Des Moines owned by Jeff. Jeff has found religion and become heavily involved in a local church. Jeff has recommitted himself to parenting the parties' two children and receives strong support in that endeavor from his spouse, Sarah. Jeff is currently unemployed. However, Jeff will be taking the bar examination in 2016 and plans to begin his legal career upon successful completion of said exam although his exact plans and the profitability of same were unclear as of trial herein. While in law school, Jeff has worked as a paralegal at his father's law firm, earning $10.00 an hour.

Heather has also stabilized her life considerably. She appears to be in a committed relationship with another man and they expect to marry, she has stable employment, she has a stable residence, and she and her fiancé have another child on the way. Heather has also obtained her GED.

The parties do not trust one another and, as a result, do not communicate or cooperate well in the parenting of their children. They are both naturally inclined to supply each other with as little information as possible regarding the children and to make unilateral decisions regarding the children's parenting. Having said that, the parties' two children are doing well in school and appear to be healthy, both physically and mentally/emotionally, and relatively well-adjusted.

Jeff filed a petition for modification on August 19, 2013, claiming a substantial change in circumstances had occurred since the order establishing custody was entered. He requested the court modify the order, grant him physical care of the children, modify his child support obligation, and establish visitation for Heather.

A hearing on Jeff's petition for modification was held on January 7, 2015. The district court entered an order on July 1 denying Jeff's request to modify the custodial arrangement. The court, however, found a substantial change in circumstances had occurred concerning Jeff's child support obligation, due to evidence submitted concerning the parties' income. The court set Jeff's support obligation at $497 per month for two children and $395 per month for one child. The court altered the visitation schedule as follows:

Jeff's visitation shall be every other week from Friday after school or daycare until 6 PM the following Sunday at which time Jeff will return the children to Heather's residence. In the weeks Jeff does have weekend visitation, he shall also receive visitation with the children Tuesday from the conclusion of school or daycare until 8 AM the following morning when he shall return the children to school or daycare. In the weeks Jeff does not have weekend visitation, he shall also receive visitation with the children Thursday from the conclusion of school or daycare until 8 AM the following

morning when he shall return the children to school or daycare. If neither daycare nor school is in session, Jeff shall return the children to Heather's residence.

In all other respects, the court affirmed the provisions of the 2010 custody order. Jeff now appeals.

## II. STANDARD OF REVIEW

This modification action was tried in equity, and our review is de novo. Iowa R. App. P. 6.907; *In re Marriage of Pals*, 714 N.W.2d 644, 646 (Iowa 2006). However, we give weight to the trial court's findings because it was present to listen to and observe the parties and witnesses. *In re Marriage of McDermott*, 827 N.W.2d 671, 676 (Iowa 2013); *see also* Iowa R. App. P. 6.904(3)(g).

## III. MERITS

### A. Modification

Jeff claims he demonstrated a "substantial change in circumstances" not within the contemplation of the district court when it entered the original decree, and he is the parent best suited to care for the children.

The objective of physical care "is to place the children in the environment most likely to bring them to health, both physically and mentally, and to social maturity." *In re Marriage of Hansen*, 733 N.W.2d 683, 695 (Iowa 2007). Changing physical care of children is one of the most significant modifications that can be undertaken. *In re Marriage of Thielges*, 623 N.W.2d 232, 236 (Iowa Ct. App. 2000). The parent seeking to modify the physical care provision of a paternity decree must show "there has been a substantial change in circumstances since the time of the decree not contemplated by the court when the decree was entered, which is more or less permanent and relates to the

welfare of the child." *In re Marriage of Malloy*, 687 N.W.2d 110, 113 (Iowa Ct. App. 2004). In addition, the parent seeking to modify physical care "has a heavy burden and must show the ability to offer superior care." *Id.*; *see also In re Marriage of Spears*, 529 N.W.2d 299, 301 (Iowa Ct. App. 1994) (stating "once custody of the child[ren] has been fixed, it should be disturbed only for the most cogent reasons"). The controlling consideration is the children's best interest. *In re Marriage of Fennelly*, 737 N.W.2d 97, 101 (Iowa 2007).

Jeff claims a number of substantial changes have occurred since the entry of the custody order, including Jeff's marriage and stable relationship with his wife, and Heather's exclusion of Jeff from decision-making concerning changing the children's school district and daycare provider. Jeff claims he can provide superior care to the children given his involvement with the children's schooling, their daycare, their extracurricular activities, and his willingness to watch the children when Heather is unable to do so.

Upon our de novo review of the record, we conclude Jeff has failed to prove a substantial change in circumstances occurred. We adopt the district court's reasoning:

> In this case, the court concludes that respondent has failed to carry his burden and declines to modify the custody provisions of its November 19, 2010 order. The parties still have the same difficulties communicating, cooperating, sharing information, and resisting the urge to make unilateral parenting decisions. This is not surprising and, in fact, is to be expected. *See In re Marriage of Ellis*, 705 N.W.2d 96, 103 (Iowa Ct. App. 2005) [*abrogated on other grounds by Hansen*, 733 N.W.2d at 692]. Both parties have substantially improved the stability of their respective lives since the entry of that order, Jeff arguably more so than Heather. However, to the extent Jeff has accomplished more (in terms of stabilizing his life) than Heather, that has been negated by Jeff's destabilization of

his life through the introduction of his wife's four nephews and nieces.

An inordinate amount of time was spent by the parties at trial introducing evidence concerning the events of this past December, namely, the alleged inappropriate physical/sexual conduct and/or behaviors involving the parties' two children and Sarah's four nieces and nephews occurring at Jeff's home. At the conclusion of the trial, the court was no closer to determining what had happened, if anything, or who the perpetrator was, if anyone. All the court can say is that, apparently and thankfully, there are no lasting effects with regard to the children. However, it leads the court to conclude that Jeff has not shown that there has been a substantial change in circumstances warranting a change in custody. Stated differently, the net result is that there has been no substantial change in circumstances, relatively speaking, concerning the stability of the parties' respective lives. And, even if one assumes there has been, Jeff has not demonstrated the ability to offer superior care.

We affirm the district court's ruling.

## B.    Child Support

Jeff claims the district court erred in determining his child support by incorrectly calculating his income. Even though a support obligation is based upon a stipulation, it may still be subject to modification. *In re Marriage of Wilson*, 572 N.W.2d 155, 157 (Iowa 1997). Under Iowa Code section 598.21C(1) (2013), a court may modify a child support order when the parent seeking modification is able to show "a substantial change in circumstances," including "changes in the employment, earning capacity, income or resources of a party." Section 598.21C(2) provides "a substantial change of circumstances exists when the court order for child support varies by ten percent or more from the amount" that would be due under the child support guidelines. The district court may also consider whether the change in circumstances is permanent and not merely temporary. *In re Marriage of Vetternack*, 334 N.W.2d 761, 762 (Iowa 1983). The

parent "seeking modification must prove the change in circumstances by a preponderance of the evidence." *In re Marriage of Rietz*, 585 N.W.2d 226, 229 (Iowa 1998).

In determining the parties' income for child support purposes, the district court stated: "Finally, for purposes of computing child support, the court adopts Heather's computations contained in her Exhibit 1 which assumes annual income to her of $17,200 and annual income of $24,000 to Jeff based upon his earnings from his employment with his father's law firm." However, when Heather was asked at the modification hearing how she determined Jeff's income for 2014 was $24,000, Heather replied she did not know. After further questioning, Heather admitted the amount could be adjusted based upon information received since the filing of the exhibit. The evidence shows Jeff worked at his father's law firm while he attended law school. A pay stub shows Jeff's 2014 income was $11,133. At the modification hearing, Jeff stipulated that his 2014 income was $16,302; a child support guidelines worksheet reflects the same number. The record before us supports the use of $16,302 for Jeff's income for the purpose of calculating his child support obligation. We find the district court erred in solely relying on Heather's exhibit in calculating Jeff's gross income for child support purposes. We remand to allow the district court to make finding on whether a change in circumstances has occurred concerning Jeff's income based on the existing record and/or whether a deviation from the amount established by the guidelines should be made.

**C.      Visitation**

Jeff claims the court erred in modifying his weekly visitation schedule and failing to modify the holiday visitation schedule.    "The burden to change a visitation provision in a decree is substantially less than to modify custody." *Malloy*, 687 N.W.2d at 113.  "[T]o justify a modification of visitation rights, the plaintiff must show there has been a change of circumstances since the filing of the decree."  *Nicolou v. Clements*, 516 N.W.2d 905, 906 (Iowa Ct. App. 1994). Our focus is always on the best interests of the children.  *Id.*

The original order granted Jeff visitation consisting of every other weekend from Friday after school or daycare until Monday morning when he was to return the children to school or daycare.  The district court modified the schedule and required Jeff to return the children to Heather's residence on Sunday at 6:00 p.m. The district court did not elaborate on the change in circumstances justifying the modification.  Upon our de novo review of the record, we find the evidence does not show a change in circumstances has occurred to justify a change in the visitation schedule, and we reverse and remand the modification concerning the visitation schedule for an appropriate finding.

Similarly, Jeff has not carried his burden in demonstrating a change in circumstances has occurred to justify a change in the holiday visitation schedule. We affirm the district court's denial of this request.

**D.      Appellate Attorney Fees**

Both parties request an award of appellate attorney fees.  An award of appellate attorney fees is not a matter of right but rests within our discretion.

Iowa Code § 600B.1 (2013); *Markey v. Carney*, 705 N.W.2d 13, 25 (Iowa 2005). We deny both parties' requests for attorney fees and split the court costs equally.

## IV.    CONCLUSION

Jeff has failed to show a substantial change in circumstances has occurred to justify a change in the custody arrangement. The evidence concerning Jeff's child support obligation is unclear, and we are unable to determine if a change in circumstances has occurred to justify altering Jeff's child support obligation. We find the district court erred in solely relying on Heather's exhibit in calculating Jeff's gross income for child support purposes. We remand to allow the district court to calculate, based on the existing record, Jeff's support obligation based on the guidelines or a deviation from the guidelines. The evidence does not show a change in circumstances has occurred to justify altering Jeff's regular visitation schedule, therefore we reverse the modification to Jeff's visitation schedule and affirm the denial of Jeff's request to modify the holiday visitation schedule.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**