**IN THE COURT OF APPEALS OF IOWA**

No. 13-1553
Filed March 11, 2015

IN RE THE MARRIAGE OF RIMA YAZIGI
AND ANTOINE NAHRA

Upon the Petition of
**RIMA YAZIGI,**
   Petitioner-Appellant,

**And Concerning**
**ANTOINE NAHRA,**
   Respondent-Appellee.

_____

   Appeal from the Iowa District Court for Johnson County, Mary E.

Chicchelly, Judge.


   Appeal from decree modifying visitation and other provisions. **AFFIRMED**

**AS MODIFIED.**


   Paul K. Waterman of Cronk & Waterman, P.L.C, Iowa City, for appellant.

   Lillian L. Davis of Davis Law, P.L.C., for appellee.


   Heard by Mullins, P.J., and Bower and McDonald, JJ.

**MCDONALD, J.**

Rima Yazigi appeals from a decree modifying the decree dissolving the marriage between she and her former husband Antoine ("Tony") Nahra. On appeal, she contends the district court erred in finding a change in circumstances sufficient to warrant modification of the visitation provisions of the decree. She also appeals modification of several economic provisions of the original decree.

I.

Rima and Tony married in Lebanon on July 5, 1998. The family moved to and worked in Abu Dhabi until approximately 2001 when Tony obtained employment in Iowa City. The family then moved to Iowa City. Three children were born into the marriage. In 2009, Rima falsely accused Tony and another unknown man of sexually abusing her. The police investigated the claims and found them to be totally unfounded. In 2010, Rima petitioned for dissolution of the marriage. The district court entered the decree of dissolution of marriage in 2012, finding Rima's criminal accusations were a result of psychosis or made for the purpose of obtaining leverage in the planned dissolution of marriage action. Nonetheless, the district court awarded the parties joint legal custody of the three children. The district court awarded Tony physical care of the children, with Rima having liberal visitation rights.

Five months after the decree of dissolution of marriage was filed, Tony filed a petition to modify the decree. The asserted ground for modification was Tony's intent to relocate to Toronto, Canada, with the children, to pursue employment. Rima filed an answer and counterclaim, requesting physical care of

the children be placed with her. The district court found a material change in circumstances since the time of the decree. The district court ordered that physical care of the children remain with Tony, that Rima execute the necessary papers to allow relocation of the children, and that visitation be modified accordingly. The district court also modified certain economic provisions of the decree, ordering the parties to each pay one-half of the children's travel costs incurred for visitation, increasing Rima's child support to $445 per month based on imputed income, and awarding Tony the dependency exemptions for the minor children for each and every tax year. Rima timely filed this appeal.

## II.

Our review in this equity action is de novo; we give deference to the trial court's fact findings, especially those involving the credibility of the witnesses, but we are not bound by those findings. *See Nicolou v. Clements*, 516 N.W.2d 905, 906 (Iowa Ct. App.1994).

## III.

## A.

We first address the issues of physical care of and visitation with the children. The district court ordered that physical care of the parties' children remain with Tony. The district court modified the visitation provisions of the decree in light of the significant distance between the parties created by Tony's impending move to Canada. On appeal, Rima does not challenge the district court's denial of her counterclaim seeking physical care of the children. She

contests only the sufficiency of the evidence supporting modification of the visitation provisions of the decree.

The showing required for modification of the visitation provisions of a decree is less significant than the showing required to modify the custody and care provisions of a decree. *See Nicolou*, 516 N.W.2d at 906. "The appellate courts of this state have consistently held that to justify a modification of visitation rights, the plaintiff must show there has been a change of circumstances since the filing of the decree." "[W]e recognize the reasonable discretion of the trial court to modify visitation rights and will not disturb its decision unless the record fairly shows it has failed to do equity." *In re Marriage of Salmon*, 519 N.W.2d 94, 95 (Iowa Ct. App. 1994)

On appeal, Rima argues that Tony's stated reasons for moving to Canada—better employment opportunities—are not genuine and that Tony always wanted to move to Canada. She also argues that Tony's stated reasons for moving to Canada do not constitute a material change in circumstances. Tony argues his stated reasons for moving are genuine and constitute a material change in circumstances. The parties' focus on the genuineness of Tony's reasons for moving to Canada misses the larger point: Tony's move out of country with the children—for whatever reason—can be sufficient grounds to support modification of the decree. *See* Iowa Code § 598.21D (2013) ("If a parent awarded joint legal custody and physical care or sole legal custody is relocating the residence of the minor child to a location which is one hundred fifty miles or more from the residence of the minor child at the time that custody was

awarded, the court may consider the relocation a substantial change in circumstances.").

We conclude Tony's move to Canada is a change in circumstances sufficient to warrant modification of the visitation provisions of the decree. *See id.*; *In re Marriage of Frederici*, 338 N.W.2d 156, 159 (Iowa 1983) (finding spouse's move from Iowa to Colorado was a substantial change in circumstances); *In re Marriage of Lower*, 269 N.W.2d 822, 826-27 (Iowa 1978) (holding "proposed move" from Iowa to Minnesota constituted a substantial change in circumstances warranting modification of visitation rights); *In re Marriage of Thielges*, 623 N.W.2d 232, 238 (Iowa Ct. App 2000) (holding mother's proposed move to North Dakota to get a fresh start and be near family was a substantial change in circumstances). Having concluded that Tony's move to Canada is a change in circumstances, the remaining questions presented are whether the district court should have modified the visitation provisions and, if so, whether the modification did equity.

With respect to the first question, the answer is mandated by statute: "If the court determines that the relocation is a substantial change in circumstances, the court shall modify the custody order to, at a minimum, preserve, as nearly as possible, the existing relationship between the minor child and the nonrelocating parent. If modified, the order may include a provision for extended visitation during summer vacations and school breaks and scheduled telephone contact between the nonrelocating parent and the minor child." Iowa Code § 598.21D. The district court correctly decided to modify the visitation provisions to allow

Rima to continue to exercise the maximum possible contact with the children, including summer vacations and school breaks.

With respect to the second question, we conclude the visitation periods awarded Rima are equitable, but we conclude the district court's equal division of the transportation costs was not equitable. Relocating the children to Canada is wholly Tony's choice. Tony has income of approximately $84,000 per year, and he testified at trial that he expects to earn substantially more in Canada while also having significantly less living expenses. Rima has negligible income and is required to pay Tony $445 per month in child support. Tony will be required to pay for all of the children's travel costs necessary to facilitate visitation.

B.

We next address the remaining economic provisions of the modification decree. The district court imputed income to Rima in the amount of $7.25 per hour for the purposes of calculating child support:

> [T]he Court finds that there is no reason for [Rima] to remain unemployed. She is healthy and able. The children are in school and have not been in her primary care, and the college courses she now takes are online and likely flexible. Many people within the United States are able to find at least entry level positions despite their lack of local references. Granted, those positions may not pay much more than minimum wage, they do exist, especially in a college town. Thus, though the Court does impute income to Rima, the Court finds that she may not be able to make more than $7.25 per hour initially, and therefore this is a fair level at which to impute income for her.

Rima argues imputation of income was improper because she is now enrolled in college. Rima has not entered the competitive labor market since moving to Iowa City. While she may have been providing care to the parties' children

during the course of the marriage, she no longer has that daily responsibility. We can find nothing in the record supporting the conclusion that Rima cannot obtain gainful employment. We conclude the district court did not err in imputing minimum wage income to Rima for the purposes of calculating child support. *See In re Marriage of McKenzie*, 709 N.W.2d 528, 533 (Iowa 2006) ("One of the factors we consider in determining if we will use a parent's earning capacity, rather than a parent's actual earnings, in order to meet the needs of the children and do justice between the parties is whether the parent's inability to earn a greater income is self-inflicted or voluntary.").

Rima next contends the district court erred in awarding Tony the dependency exemptions for all three children. We conclude the district court equitably awarded the exemptions to Tony. Because Tony is the only one of the parties who had gainful employment at the time of trial, he is the one who will benefit most from the exemption. *See In re Marriage of Okland*, 699 N.W.2d 260, 269-70 (Iowa 2005) (finding equity supports awarding exemptions to the party who would benefit most from it and noting the general rule is "that the parent given primary physical care of the child is entitled to claim the child as a tax exemption").

IV.

For the foregoing reasons, the judgment of the district court is affirmed as modified. Paragraph 6 of the visitation provisions of the modification decree shall be modified to provide that Tony shall pay 100% of the children's travel expenses incurred for visitation. In the event Rima incurs an expense for the children's

travel costs, she shall provide a receipt for such expense to Tony, who shall have thirty (30) days to reimburse Rima for such expense.

We deny the parties' requests for appellate attorney fees. Costs on appeal shall be taxed to Tony.

**AFFIRMED AS MODIFIED.**