# IN THE COURT OF APPEALS OF IOWA

No. 14-1448
Filed April 8, 2015

IN RE THE MARRIAGE OF RAMNEEK BHOGAL
AND DORI BHOGAL

Upon the Petition of
RAMNEEK BHOGAL,
        Petitioner-Appellant,

And Concerning
DORI BHOGAL, n/k/a DORI CLARK,
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Scott County, John D. Telleen,

Judge.


        Appeal from the ruling and order denying petitioner's application to modify

a decree of dissolution of marriage.  **AFFIRMED.**


        Matt O'Hollearn of Brick Gentry, P.C., West Des Moines, for appellant.

        Maria K. Pauly of Maria K. Pauly Law Office, P.L.L.C., Davenport, for

appellee.


        Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**MCDONALD, J.**

Ramneek Bhogal appeals from the district court's ruling and order denying his application to modify the decree of dissolution of marriage between he and Dori Bhogal, now known as Clark. Our review in this equity action is de novo; we give deference to the trial court's fact findings, especially those involving the credibility of the witnesses, but we are not bound by those findings. *See Nicolou v. Clements*, 516 N.W.2d 905, 906 (Iowa Ct. App. 1994).

Ramneek and Dori divorced in March 2007. The dissolution decree granted the parties joint custody and joint physical care of their two minor children. In January 2015, Ramneek filed his application to modify the decree of dissolution of marriage, seeking primary physical care of the children. The event that ultimately precipitated Ramneek to file his modification application was Dori's decision to leave her husband and cohabit with a same-sex partner without any notice to Ramneek or their children. In his application, Ramneek claimed there were material changes in circumstances supporting modification, to wit: Dori allegedly had an unstable marital relationship, home environment, and living arrangements; Dori allegedly was participating in immoral behavior; the parties allegedly had notice issues and inconsistent parenting abilities; and Dori allegedly did not properly tend to the needs of their special-needs son. The matter came on for trial in July 2014, and the district court denied the application for modification.

The party requesting modification has the burden of establishing a substantial change in material circumstances. A substantial change in

circumstances is one that is more or less permanent, not contemplated by the court when the decree was entered, and that affects the children's welfare. *See In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983); *In re Marriage of Thielges*, 623 N.W.2d 232, 238 (Iowa Ct. App. 2000). After establishing a substantial change in circumstances, the party seeking modification must also establish the ability to minister more effectively to the needs of the children. *See Frederici*, 338 N.W.2d at 158. This is a "heavy burden," and rightly so. *See Thielges*, 623 N.W.2d at 235–37; *In re Marriage of Rosenfeld*, 524 N.W.2d 212, 213 (Iowa Ct. App. 1994). To promote stability in the children's lives, our courts have concluded that "once custody of children has been determined, it should be disturbed only for the most cogent reasons." *Dale v. Pearson*, 555 N.W.2d 243, 245 (Iowa Ct. App.1996).

On appeal, Ramneek argues that the change in Dori's relationships, change in Dori's housing situation, and lack of communication between the parties, among other things, constitute a substantial change in circumstances. On de novo review, we conclude Ramneek failed to prove a substantial change in circumstances. While there is no doubt that Dori's unnoticed move demonstrated poor judgment, this appears to be an isolated circumstance and not a permanent and substantial change in circumstances warranting modification of a care arrangement that has worked for the parties and their children for a number of years. The district court's ruling and order best sums the situation:

> Up until December 2013, this family overall was a very good example of how a shared care arrangement can work in the best

interests of the children. These parents are by and large respectful of each other, each is heavily involved in the children's lives, each are loving, quality parents, the communication has for the most part been effective, they keep the interests of their children paramount and neither run down the other. They have well behaved, loving children who are happy with the present shared care arrangement. Ri. does well in school and Ro. does as well as can be expected, given his significant challenges. The Court is not suggesting that the situation has been perfect. Petitioner has been frustrated with Respondent's perceived lack of diligence with respect to medical issues but looking at the big picture, these are certainly children that have received overall stellar medical care. Ramneek agreed that Dori is basically a good parent, at least up until her sudden move in December of 2013. As noted above, the Court agrees that the way in which Dori handled that situation was extremely poor. However, the big picture here is that we have two quality parents who throughout the vast majority of the time since their 2007 divorce have co-parented successfully and the children have been doing well and are very happy under the present shared care arrangement. The Court finds that Dori's recent move of residence and into the same-sex relationship and the other issues raised by Ramneek do not constitute a substantial change in circumstances not contemplated by the Court at the time of the entry of the Decree.

We agree with the district court's resolution of the issue. We have considered the parties' arguments, whether set forth explicitly herein, and we affirm the judgment of the district court without further opinion. *See* Iowa Ct. R. 21.26(a), (b), (d), and (e).

**AFFIRMED.**