**IN THE COURT OF APPEALS OF IOWA**

No. 15-0050
Filed October 28, 2015

**IN RE THE MARRIAGE OF ASHLEY HIEBER
AND DREW HIEBER**

**Upon the Petition of
ASHLEY HIEBER,**
        Petitioner-Appellant,

**And Concerning
DREW HIEBER,**
        Respondent-Appellee.

_____

        Appeal from the Iowa District Court for Monona County, Steven J.

Andreasen, Judge.


        Petitioner appeals the denial of her petition to modify the physical care

provisions of a dissolution decree.  **AFFIRMED.**


        Steven Hamilton of Hamilton Law Firm, P.C., Storm Lake, for appellant.

        Gina C. Badding of Neu, Minnich, Comito & Neu, P.C., and Julie Mayhall

of Green, Siemann & Greteman, P.L.C., Carroll, for appellee.


        Heard by Danilson, C.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

Ashley and Drew Heiber divorced in December 2011. The dissolution decree granted the parties joint legal custody of their two boys, granted Drew physical care of the two boys, awarded Ashley liberal visitation rights, and ordered Ashley to pay child support. Less than one year after the entry of the decree, Ashley filed her petition to modify the physical care provisions of the dissolution decree, seeking physical care of the children. The district court denied Ashley's petition to modify the decree, finding she failed to prove a material and substantial change in circumstances. Ashley filed this appeal.

A petition to modify the physical care provision of a divorce decree lies in equity. *See In re Marriage of Quirk–Edwards,* 509 N.W.2d 476, 476 (Iowa 1993). Our review in the equity proceeding is de novo. *See* Iowa R. App. P. 6.907; *In re Marriage of Hoffman*, 867 N.W.2d 26, 32 (Iowa 2015). We review the entire record and decide anew the factual and legal issues properly preserved and presented for appellate review. *See In re Marriage of Rhinehart*, 704 N.W.2d 677, 680 (Iowa 2005). While our review is de novo, we give weight to the credibility determinations of the district court. *See Hoffman*, 867 N.W.2d at 32.

Changing physical care of the children from one parent to another is one of the most significant modifications that can occur in family matters. *See In re Marriage of Thielges*, 623 N.W.2d 232, 236 (Iowa Ct. App. 2000); *see also Hoffman*, 867 N.W.2d at 32. The parent requesting the modification has the burden of establishing both a substantial and material change in circumstances and it is in the children's best interest to change physical care. *See Hoffman*,

867 N.W.2d at 32 (citing *In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983)). These "changed circumstances must not have been contemplated by the court when the decree was entered, and they must be more or less permanent, not temporary." *Id.* The substantial change in circumstances must affect the welfare of the children. *See id.* In addition to establishing a substantial and material change in circumstances, the parent requesting modification must also prove "an ability to minister more effectively to the children's well-being." *Id.* Ultimately, "our primary consideration is the best interest of the child[ren]." *In re Marriage of Kleist*, 538 N.W.2d 273, 276 (Iowa 1995). In determining what is in the best interest of the children, our prior cases have little precedential value; we must consider the unique facts and circumstances of each case. *See, e.g., In re Marriage of Snowden*, No. 14–1920, 2015 WL 4233449, at *1 (Iowa Ct. App. Jul. 9, 2015) ("All happy families are alike; each unhappy family is unhappy in its own way." (quoting Leo Tolstoy, Anna Karenina 1 (1873))). The best-interest standard "provides the flexibility necessary to consider unique custody issues on a case-by-case basis." *In re Marriage of Hansen,* 733 N.W.2d 683, 696 (Iowa 2007).

We conclude Ashley has failed to establish a material and substantial change in circumstances. Ashley contends she should be awarded physical care of the parties' children because Drew lacks character and moral fiber. As evidence of Drew's lack of character, Ashley points to a domestic dispute between Drew and a woman he dated post-dissolution and several other alleged incidents of violence between Drew and the same woman, one of which Ashley

admits did not occur but nonetheless argues is relevant. As further evidence of Drew's lack of character, Ashley contends Drew was evasive in his testimony regarding his employment with his parents' business. Ashley raised the same or similar issues regarding Drew's conduct and character during the dissolution proceedings. She has thus not established a change in circumstances. Further, she has not established these changes are material and substantial and more or less permanent. Drew and his paramour testified their relationship had ended. There is no evidence that Drew's current employment situation is permanent. Finally, there is no evidence the children observed the alleged abuse or were otherwise affected by the alleged abuse. *See Frederici*, 338 N.W.2d at 158 (noting the changes "must relate to the welfare of the children"); *see also In re Marriage of Fogle*, No. 08-1409, 2009 WL 1492842, at *1 (Iowa Ct. App. May 29, 2009) (declining to modify physical care despite evidence of "ongoing domestic disputes in the home" because "there was no indication the children witnessed any domestic abuse or suffered physical abuse").

We also conclude Ashley failed to establish the ability to minister more effectively to the needs of the children and modification is in the best interests of the children. The record reflects Ashley and Drew can both minister to the needs of the children. If anything, Drew may be in a position to minister more effectively to the needs of the children. Ashley is delinquent in her child support obligation. On several occasions, she has demonstrated she was not supportive of Drew's relationship with the children. The children are well-adjusted, physically healthy, and doing well in school. Modifying physical care would take the children from

the only home they have known, move them from close family support, force them to change school districts, and put them in a smaller home with their mother, her paramour, and four of his children. Nothing of record shows this would serve the best interest of the children, which is our "paramount" or "controlling" concern. *See In re Marriage of Fennelly*, 737 N.W.2d 97, 101 (Iowa 2007) (controlling); *York v. York*, 67 N.W.2d 28, 32 (1954) (paramount); *see also In re Marriage of Buckingham*, No. 14-0671, 2015 WL 576142, at *5 (Iowa Ct. App. Feb. 11, 2015).

The party seeking modification carries a heavy burden; "once custody of children has been fixed it should be disturbed only for the most cogent reasons." *Hoffman*, 867 N.W.2d at 32; *see also Dale v. Pearson*, 555 N.W.2d 243, 245 (Iowa Ct. App .1996). Ashley has not carried her burden of establishing a cogent reason supporting modification of the parties' physical care arrangement. The district court has "reasonable discretion" in determining whether modification of physical care is warranted and its "discretion will not be disturbed on appeal unless there is a failure to do equity." *In re Marriage of McKenzie*, 709 N.W.2d 528, 531 (Iowa 2006). We find no reason to disturb the judgment of the district court.

**AFFIRMED.**