## IN THE COURT OF APPEALS OF IOWA

No. 15-0163
Filed November 12, 2015

IN RE THE MARRIAGE OF SHAWN RICHARD
AND SUSAN RICHARD

Upon the Petition of
**SHAWN RICHARD,**
        Petitioner-Appellant,

**And Concerning**
**SUSAN RICHARD,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Floyd County, Christopher C. Foy,

Judge.

        An ex-husband appeals the property distribution provisions of the

dissolution decree.  **AFFIRMED.**

        William P. Baresel of Prichard Law Office, P.C., Charles City, for

appellant.

        John G. Sorensen of Sorensen Law Office, Clear Lake, for appellee.

        Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**VOGEL, Judge.**

Shawn Richard appeals the district court's dissolution decree, alleging the property division is inequitable. He claims the parties' marital home was a gift or inheritance from his mother, he should not be required to shoulder all of the marital debt, and he should not be required to pay Susan Richard a property equalization payment. Susan defends the district court's decision as equitable and requests an award of appellate attorney fees. Having considered the arguments of the parties, we affirm the district court's decision and award Susan $2000 in appellate attorney fees.

The parties were married in July 2000, and this was the second marriage for both parties. Shawn works as a truck driver, and while his work is seasonal, his gross income from wages and unemployment for 2013 was nearly $40,000. He expected to earn a comparable income for 2014. Susan operated a consignment business that closed prior to the dissolution. The consignment store building was sold in May of 2014, five months after the parties separated. The parties divided the proceeds from the sale of the building, though Shawn claims he paid the property taxes that were due on the building from his share of the proceeds; he claims the property taxes amounted to approximately $2000. Susan struggles with medical conditions that limit her ability to work outside the home. The couple adopted a sibling group from foster care, and Susan's only source of income at the time of the dissolution decree was the monthly adoption subsidy she received from the State.[1] Susan testified after the parties separated

---

[1] The parties do not dispute on appeal the physical care, legal custody, or child support provisions of the dissolution decree.

in January 2014, she did not receive any child support from Shawn until the middle of July 2014, when the temporary support order was entered.

Shawn testified he paid his mother $7000 for the parties' marital home prior to the marriage. However, following his mother's death in 2001, the estate could find no evidence of the payment and required Shawn to pay $7000 to obtain the deed. Shawn testified he used the life insurance proceeds he received from his mother's death to pay his mother's estate for the home. The home had an assessed value at the time of the dissolution of $44,470 but with encumbrances of $33,000. The other assets of the parties included a 401K Shawn owned through his employer with a value of $14,870 and the parties' $10,990 tax refund from 2013. Shawn owned a number of vehicles and recreational vehicles with a total value of approximately $8750. Susan owned a vehicle that had a value equal to the amount of the debt against it.

In addition to the debt against the marital home and Susan's vehicle, the other debts included $8820 Susan owed on her student loans taken out before the marriage, an unpaid utility bill from the consignment shop in the amount of $2180, credit card debt in the amount of $590, and medical and dental bills totaling approximately $8400 at the time of trial.

The dissolution proceeding went to trial in October 2014, and after hearing the testimony of the parties and receiving the exhibits, the district court filed its decree on December 31, 2014. The district court considered the parties' division

of the personal property to be roughly equal.[2]  The court awarded to Shawn the marital home and its associated debt, his 401K, all vehicles except for the vehicle Susan used, and all debts except for Susan's student loans.  The net award to Shawn was $23,900.  Susan was awarded the 2013 income tax refund, and her vehicle with its associated debt.[3]  The district court determined Susan's net award was $10,990.  Considering the fact Shawn made a greater contribution to the purchase of the family home, the court set aside to him $5000 of the accumulated net worth of the parties and order him to pay Susan a property equalization payment of $3955.  Thus, Shawn leaves the marriage with a net award of $19,945, and Susan leaves the marriage with a net award of $14,945.

Shawn appeals the property distribution in a number of respects.  We review dissolution cases de novo, though we give deference to the district court's factual findings.  *In re Marriage of Brown*, 776 N.W.2d 644, 647 (Iowa 2009).  We give the court considerable discretion and will only disturb its ruling when there has been a failure to do equity.  *In re Marriage of Okland*, 699 N.W.2d 260, 263 (Iowa 2005).

We conclude the property distribution is equitable in this case.  While Shawn complains the marital home should be set aside to him as inherited property from his mother, we note he testified he purchased, not inherited, the home from his mother on contract in the early 1990s for $7000.  However, with

---

[2] Shawn complains on appeal the personal property division was not equal.  He claims Susan had property in her possession worth $4300 while he has to sleep on a camper mattress.  We note the district court awarded him other property, including a refrigerator, washer and dryer, and a riding lawn mower Susan wanted.

[3] Because Susan's student loan obligation was incurred before the marriage, the district court did not include it in its calculation of the parties' net worth.  But we do consider the fact that this is a debt obligation Susan continues to shoulder.

no proof of this purchase, he was required to make a $7000 payment to his mother's estate to obtain the deed to the house during the marriage. Shawn testified this money came from life insurance proceeds from his mother's death, while Susan testified she thought it came from a mortgage on the home. The court set aside to Shawn $5000 of the equity in the home in light of his contributions toward the purchase of the home. We conclude this is equitable in this case. Shawn also complains he was assessed all of the debt on the home. We note during trial Shawn requested he be awarded the home and agreed to pay the debt for the same.

Shawn asserts the court should not have awarded all of the tax refund to Susan in contravention to what he claims was a mutual agreement of the parties to split the refund. Susan disputes there was any agreement or stipulation. We note the refund was the only asset of any value, besides the property equalization payment, that Susan was awarded in the distribution. Shawn also complains he was ordered to pay the utility bill from Susan's consignment shop. He believes Susan alone should shoulder this debt since it was her business. Considering Shawn received a share of the proceeds when the business sold,[4] we do not consider the business to be the sole property of Susan and consider it equitable that Shawn be assigned this debt obligation in light of the earning capabilities of the parties.

---

[4] While Shawn complains he had to pay the entire amount of the property taxes due when the property was sold in May 2014 from his share of the sale proceeds, we note Susan went without child support for the parties' four children from January 2014 until mid-July 2014 when the temporary support order was entered. Her only income during this time was the sale proceeds from the building and the state adoption subsidy.

We consider the personal property distribution equitable and do not agree with Shawn that the record is inadequate to make such a determination. Finally, Shawn claims Susan took $4000 from the home equity line of credit without his knowledge or consent and spent the money on equipment for her consignment shop. Susan testified she did take $4000 from the home equity line during the marriage and spent the money on family expenses such as groceries and clothing for the children, not on her consignment shop. We agree with the district court that this debt should be paid by Shawn in light of the fact he was awarded title to the home. We affirm the district court's property distribution as equitable in all respects.

Susan requests an award of appellate attorney fees.

Appellate attorney fees are not a matter of right, but rather rest in this court's discretion. Factors to be considered in determining whether to award attorney fees include: "the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal."

*Id.* at 270 (citation omitted). We also consider whether the requesting party was obligated to defend the district court's decision. *In re Marriage of Thielges*, 623 N.W.2d 232, 240 (Iowa Ct. App. 2000). After considering these factors, we award Susan $2000 in appellate attorney fees.

**AFFIRMED.**