# IN THE COURT OF APPEALS OF IOWA

No. 15-0173
Filed December 9, 2015

IN RE THE MARRIAGE OF KOURTNEY ANNE MAUER
AND KYLE LAWRENCE MAUER

Upon the Petition of
KOURTNEY ANNE MAUER,
n/k/a KOURTNEY ANNE MEISTER,
        Petitioner-Appellee,

And Concerning
KYLE LAWRENCE MAUER,
        Respondent-Appellant.

_____

Appeal from the Iowa District Court for Bremer County, Rustin T. Davenport, Judge.

A father appeals the district court ruling denying his request to modify the provision of the parties' dissolution decree granting the mother physical care of the parties' child. **AFFIRMED.**

Heidi Young and Benjamin D. Bergmann of Parrish Kruidenier Dunn Boles Gribble Gentry Brown & Bergmann, L.L.P., Des Moines, for appellant.

Heather A. Prendergast of Roberts, Stevens, Prendergast & Guthrie, P.L.L.C., Waterloo, for appellee.

Considered by Vaitheswaran, P.J., Mahan, S.J.,* and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MAHAN, Senior Judge.**

Kyle Mauer appeals the district court ruling denying his request to modify the provision of the parties' dissolution decree granting Kourtney Meister, formerly known as Kourtney Mauer, physical care of the parties' child. On our de novo review of the record, we affirm the court's decision. We determine Kyle should pay $1500 of Kourtney's appellate attorney fees.

**I. Background Facts & Proceedings.**

Kyle and Kourtney were previously married. They are the parents of a child, who was born in 2008. The parties entered into a stipulation agreeing to joint legal custody, with physical care awarded to Kourtney. Kyle was granted reasonable and liberal visitation and ordered to pay child support. The parties' stipulation was approved by the district court and incorporated into a dissolution decree issued on March 4, 2013.

At the time of the dissolution, both parties lived near Denver, Iowa. In March 2014, Kourtney informed Kyle she planned to move to Gaylord, Minnesota, about 200 miles away. On April 16, 2014, Kyle filed a petition seeking to modify the physical care provision of the dissolution decree. He claimed Kourtney's proposed move was a substantial change in circumstances.

A modification hearing was held on November 8, 2014. Kyle was then twenty-nine years old. He recently purchased a home in Sumner, Iowa, and purchased an interest in a meat locker business there. Kyle stated he previously had substance abuse problems that led to criminal problems. He testified he quit smoking marijuana in December 2013 and quit drinking alcohol in March 2014. Kyle attended weekly Alcoholics Anonymous meetings. Kyle was on probation

for a charge of second-degree burglary, but testified he expected to be discharged from probation soon.

Kourtney was twenty-five years old at the time of the hearing. At the time of the dissolution Kourtney was attending Northeast Iowa Community College. In December 2013 she obtained associate degrees in dairy science technology and agricultural business. She obtained a job with AgriNews as a sales representative. Kourtney and the child moved to Gaylord in May 2014. Kourtney's boyfriend, Dan Brasch, owns a dairy farm near Gaylord in Brownton. Kourtney stated she occasionally smoked marijuana prior to moving to Minnesota.

The district court issued a decision on December 31, 2014, denying Kyle's request to modify the decree. The court found that while Kourtney's move constituted a substantial change in circumstances, Kyle had not shown he could minister more effectively to the child's well-being. The court modified the visitation schedule to give Kyle alternating weekends, alternating holidays, and six weeks in the summer. The court also modified Kyle's child support obligation. The court determined each party should pay his or her own trial attorney fees.

Kyle appealed the district court's decision. After the case was assigned to the court of appeals, Kyle filed a motion for limited remand. He claimed he became aware after the modification hearing that the child would ride the school bus to Dan's farm after school, where she was usually unsupervised. We granted the motion for limited remand on this single issue. A hearing on remand was held on November 6, 2015. The district court determined that on one occasion the child came home from school and Dan was either in the barn or

elsewhere in the house, and she did not see him for about ten minutes. The court concluded the child was not left without adult supervision at Dan's farm when she came home from school. The court concluded there was no reason to change its ruling from December 31, 2014.

## II. Standard of Review.

In this equity action, our review is de novo. *See* Iowa R. App. P. 6.907. In equity cases, we give weight to the fact findings of the district court, especially on credibility issues, but we are not bound by the court's findings. Iowa R. App. P. 6.904(3)(g). In our de novo review, we examine the entire record and adjudicate anew rights on the issues properly presented. *See In re Marriage of Ales*, 592 N.W.2d 698, 702 (Iowa Ct. App. 1999).

## III. Physical Care.

Kyle contends the district court should have modified the parties' dissolution decree to place the child in his physical care. He points out that under Iowa Code section 598.21D (2013), Kourtney's move of more than 150 miles to Gaylord should be considered a substantial change in circumstances. Kyle asserts it would be more beneficial to the child to remain in the Bremer County area, where she had lived her entire life. He states that both his extended family and Kourtney's extended family live in the area. He claims Kourtney moved to Gaylord to be close to her boyfriend, Dan, and disputes her assertion she moved because of her employment.

A party seeking to modify a physical care provision in a dissolution decree must show there has been a substantial change in circumstances since the time of the decree, not contemplated by the court at the time the decree was entered,

which makes it in the child's best interests to modify the decree. *In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983). The change in circumstances must be more or less permanent and relate to the welfare of the child. *In re Marriage of Malloy*, 687 N.W.2d 110, 113 (Iowa Ct. App. 2004). A party seeking a modification must also show an ability to minister more effectively to the child's well-being. *In re Marriage of Thielges*, 623 N.W.2d 232, 235 (Iowa Ct. App. 2000).

"The heavy burden upon a party seeking to modify custody stems from the principle that once custody of children has been fixed it should be disturbed only for the most cogent reasons." *Frederici*, 338 N.W.2d at 158. "The trial court has reasonable discretion in determining whether modification is warranted and that discretion will not be disturbed on appeal unless there is a failure to do equity." *In re Marriage of Erickson*, 491 N.W.2d 799, 802 (Iowa Ct. App. 1992).

We conclude Kyle has not met his heavy burden to establish he can minister more effectively to the child's needs. *See In re Marriage of Grantham*, 698 N.W.2d 140, 146 (Iowa 2005). The district court was able to observe the parties at the modification hearing and the remand hearing, and concluded on both occasions the child should remain in Kourtney's care. The court found that although Kyle had taken steps to address his past problems, "There has not been a long enough period of time to conclude that [Kyle] has matured and is able to provide superior care to [the child]." The court also found, "There is not any indication that [the child] is not thriving with [Kourtney] as the primary care provider." We also note Kyle was granted liberal visitation and conclude the child will have adequate opportunity to spend time with extended family members.

We affirm the court's decision denying Kyle's request to modify the physical care provisions of the dissolution decree.

## IV. Attorney Fees.

Kourtney requests appellate attorney fees. She filed an affidavit requesting $5983.26 in appellate attorney fees. After the remand hearing she filed a request for an additional $3500. We have broad discretion in awarding appellate attorney fees. *In re Marriage of Okland*, 699 N.W.2d 260, 270 (Iowa 2005). An award of appellate attorney fees is based upon the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal. *In re Marriage of Berning*, 745 N.W.2d 90, 94 (Iowa Ct. App. 2007). We conclude Kyle should pay $1500 toward Kourtney's appellate attorney fees.

We affirm the decision of the district court.

**AFFIRMED.**