# IN THE COURT OF APPEALS OF IOWA

No. 15-0942
Filed February 24, 2016

IN RE THE MARRIAGE OF DAVID PHILLIP
KOENIG AND KATHLEEN ANN KOENIG

Upon the Petition of
**DAVID PHILLIP KOENIG,**
      Petitioner-Appellee,

**And Concerning**
**KATHLEEN ANN KOENIG,**
      Respondent-Appellant.

_____

      Appeal from the Iowa District Court for Polk County, Robert A. Hutchison,

Judge.


      Kathleen Koenig appeals the modification of physical care of the children.

**AFFIRMED.**



      James R. Cook of James R. Cook, P.C., Windsor Heights, for appellant.

      Earl B. Kavanaugh and Jaclyn M. Zimmerman of Harrison & Dietz-Kilen,

P.L.C., Des Moines, for appellee.



      Considered by Vogel, P.J., and Vaitheswaran and Bower, JJ.

**BOWER, Judge.**

Kathleen Koenig appeals the district court's order modifying the physical care of the parties' two children. Kathleen claims the district court improperly found a substantial change in circumstances had occurred and improperly ignored the holding in *In re Marriage of Hoffman*, 867 N.W.2d 26, 37 (Iowa 2015). We affirm.

## I.     BACKGROUND FACTS AND PROCEEDINGS

David and Kathleen were married in 1990. Three children were born during the marriage, E.K. in 1995, and twins S.K. and O.K. in 2001. S.K. and O.K. are the focus of the present appeal. The couple separated in 2008 and divorced in 2009. The parties stipulated to joint custody of the children with Kathleen receiving physical care.

Since the entry of the decree, the parties initially communicated well. They collaborated on the best way to deal with E.K.'s behavioral issues. In 2010, the parties entered into a stipulated modification of the dissolution decree granting David physical care of E.K. and modifying his child support obligation. E.K. lived with David for six months until David could no longer control her behavior. She then moved to her paternal grandmother's home

Both parties remarried. David married Monica Koenig in 2011, and they live in Des Moines. Monica has two children from a prior marriage. Monica's one child lives with the couple fifty-percent of the time. Monica has a positive relationship with David's children and is supportive of their relationship with Kathleen.

Kathleen married Todd Anderson in 2014. In March 2014, Todd's mother purchased a home for the couple in Sheldahl. Kathleen, Todd, S.K., and O.K. relocated to Sheldahl (approximately thirty miles from Des Moines) without first consulting David. Kathleen enrolled the children in the North Polk school system to start the fall semester after they had attended middle school in Des Moines. S.K. and O.K. objected to the move and the change in school enrollment. Further, the twins expressed their dislike and fear of Todd, who struggles with anger issues. Todd and E.K. had a physical confrontation in the fall of 2014, resulting in E.K.'s estrangement from Kathleen, Todd, and their extended family.

In November 2013, Kathleen filed an application to modify David's child support and an application for contempt. David filed an answer and counterclaim requesting physical care of the children. A hearing on temporary matters was held in March 2014, and the court denied David's request for temporary physical care to prevent the children from moving. Also at this time, the parties were ordered to participate in a custody evaluation. After approximately two months of observation, the custody evaluator recommended joint physical care or, if that was not a viable option, David should be awarded physical care.

In June, David was found in contempt for failing to adjust his child support obligation once E.K. no longer qualified for support. Subsequently, the court entered an order in August finding David had satisfied all conditions of the June order.

A three-day modification trial began on April 7, 2015. On April 23, the district court entered its "findings of fact and conclusions of law" determining the

parties' custody arrangement should be modified to grant David physical care of the children. The court directed David's counsel to prepare a decree in conformity with its ruling. On May 15, Kathleen filed an application for additional time to file an application to reconsider. The court denied the application as untimely.

On May 20, the court entered the modified decree consistent with its April ruling. On May 30, Kathleen filed her notice of appeal. David filed a motion to dismiss the appeal as untimely. Kathleen filed a resistance. The Iowa Supreme Court denied David's motion, on two separate occasions, finding the appeal was timely.

## II. STANDARD OF REVIEW

This modification action was tried in equity, and our review is de novo. Iowa R. App. P. 6.907; *In re Marriage of Pals*, 714 N.W.2d 644, 646 (Iowa 2006). However, we give weight to the trial court's findings because it was present to listen to and observe the parties and witnesses. *In re Marriage of McDermott*, 827 N.W.2d 671, 676 (Iowa 2013); *see also* Iowa R. App. P. 6.904(3)(g).

## II. MERITS

### A. Error Preservation

David claims error was not preserved due to Kathleen's untimely filing of her appeal. We agree with our supreme court, and find the appeal was timely and thus error is preserved for our review. *See In re Marriage of McCreary*, 276 N.W.2d 399, 400 (Iowa 1979) (finding an appeal filed two days *before* a "supplemental decree" was entered but *after* the entering of a "findings of fact,

conclusions of law, and ruling" providing for the future entering of the decree was premature as the supplemental decree served as the final judgment for the purposes of the appeal).

### B. Modification

Kathleen claims the district court erred in granting physical care to David because it did not follow the holding of *Hoffman*, and a substantial change in circumstances did not occur justifying the change in placement.

The objective of physical care "is to place the children in the environment most likely to bring them to health, both physically and mentally, and to social maturity." *In re Marriage of Hansen*, 733 N.W.2d 683, 695 (Iowa 2007). Changing physical care of children is one of the most significant modifications that can be undertaken. *In re Marriage of Thielges*, 623 N.W.2d 232, 236 (Iowa Ct. App. 2000). The parent seeking to modify the physical care provision of a decree must prove "there has been a substantial change in circumstances since the time of the decree not contemplated by the court when the decree was entered, which is more or less permanent and relates to the welfare of the child." *See In re Marriage of Malloy*, 687 N.W.2d 110, 113 (Iowa Ct. App. 2004). In addition, the parent seeking to modify physical care has a "heavy burden" and "must show the ability to offer superior care." *Id.; see also In re Marriage of Spears*, 529 N.W.2d 299, 301 (Iowa Ct. App. 1994) (stating "once custody of the children has been fixed, it should be disturbed only for the most cogent reasons"). The controlling consideration is the child's best interest. *In re Marriage of Fennelly*, 737 N.W.2d 97, 101 (Iowa 2007).

In deciding to modify the custodial provision of the decree, the district court found David had the ability to provide superior care to the children. The court reasoned:

> It is safe to say that while the two parties here were able in the past to work together toward the best interests of the children, those days are long gone. There is little but distrust and hard feelings between [David] and [Kathleen] at this point. The primary losers of this atmosphere are, of course, the minor children at the center of the present custody battle. At the end of the trial, the Court was left with two unpalatable choices: (1) leave the two children with [Kathleen], despite the girls' great unhappiness with their present living situation, or (2) reward [David]'s bad behavior over the past few years. As will be discussed below, [Kathleen] has made her own poor choices since May 2010, the date of the last modification. However, her choices have not always been entirely voluntary, and [David] has sought to undermine her with the children at every turn.
>
>     . . . .
> [T]he Court concludes that the best interests of the twin girls require that they be placed in the primary care of David at this time. They do not presently have a positive relationship with either Kathleen or her husband. Kathleen continues to have issues with alcohol usage, despite her protestations to the contrary. She also has improperly involved the girls in the disputes between the parents. S.K. and O.K. are unwilling to give the North Polk Community School District any further chance. Todd Anderson does not have a positive relationship with the twins. However, David's wife, Monica, does have a positive relationship with the girls. Equally important, she has a clear understanding of her proper role with the twins, and seems far more willing to be supportive of the relationship between them and their mother than does David.
>
> In making its determination that David should become primary caretaker of S.K. and O.K., the Court is aware of the danger of further estrangement of Kathleen and the twins. The twins have a close relationship with their older sister, E.K. However, E.K. and Kathleen have virtually no relationship at the present time, especially because E.K. and Todd Anderson do not get along at all, and in fact E.K. is banned from the home where Kathleen and Todd live. It is unlikely that E.K. will support her sisters' relationship with Kathleen any more in the future than she has in the past. David has in the past enlisted E.K.'s assistance in his efforts against Kathleen.

Kathleen has work to do to repair her relationship with S.K. and O.K. She is going to have to convince the girls that she is willing to put their interests first and her own second. She has not been willing to do that for some time. While the Court appreciates the difficult circumstances under which Kathleen has labored in the past, the fact remains that she has failed to distinguish between her own needs and wants and what her daughters want. Until S.K. and O.K. are convinced that they are Kathleen's first priority, or until the girls mature sufficiently to appreciate what Kathleen has done for them, or both, the relationship between the three is not going to improve.

The holding in *In re Marriage of Hoffman*, does not alter the district court's decision. 867 N.W.2d at 37. *Hoffman*, focused primarily on whether one parent's move to a rural home seventy miles from the other parent's urban home constituted a substantial change in circumstances to justify modifying the dissolution decree. *Id.* at 28. Both parents and both step-parents were found to be "caring and attentive" and "suitable home environments for the children." *Id.* at 31. Our supreme court found the move did not constitute a substantial change in circumstances. *Id.* at 37. Here, Kathleen's move was a factor in the district court's calculus, but David's ability to provide superior care to the girls was the main factor in its decision to modify the decree. As stated above, the district court found Kathleen's lingering issues with alcohol, her new husband's poor relationship with the girls, the girls' dislike of their living situation, and E.K.'s estrangement, to be key factors in detracting from Kathleen's ability to care for the girls. The court found the girls' best interests would be served by granting David physical care. We agree and affirm the district court's ruling.

### C. Appellate Attorney Fees

Kathleen requests an award of appellate attorney fees. Such an award rests within our discretion. *In re Marriage of Okland*, 699 N.W.2d 260, 270 (Iowa 2005). "Factors to be considered in determining whether to award attorney fees include: 'the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal.'" *Id.* (citation omitted). Given the circumstances in this action, we decline Kathleen's request.

## IV. CONCLUSION

We find Kathleen has failed to demonstrate the district court improperly found David could provide superior care to the children. We find that the best interests of the children warrant the modification ordered by the district court. We decline Kathleen's request for appellate attorney fees.

**AFFIRMED.**