**IN THE COURT OF APPEALS OF IOWA**

No. 14-1489
Filed June 10, 2015

**IN RE THE MARRIAGE OF LISA MARIE ELGIN**
**AND JEFFREY JAMES ELGIN**

**Upon the Petition of**
**LISA MARIE ELGIN,**
        Petitioner-Appellant,

**And Concerning**
**JEFFREY JAMES ELGIN,**
        **Respondent-Appellee.**
_____

        Appeal from the Iowa District Court for Scott County, Stuart P. Werling,

Judge.


        Petitioner appeals from the order denying her application to modify the

custody, visitation, and child support provisions of the parties' dissolution decree.

**AFFIRMED.**



        Nathan M. Legue and Catherine Zamora Cartee of Cartee & McKenrick,

P.C., Davenport, for appellant.

        Courtney T. Wilson of Gomez May, L.L.P., Davenport, for appellee.



        Considered by Tabor, P.J., and Bower and McDonald, JJ.

**MCDONALD, J.**

Lisa and Jeffrey Elgin married in 1998 and divorced in 2008. Two children were born to the marriage: B.J.E., born in 2002; and L.J.E., born in 2004. The dissolution decree provided for joint legal custody, for shared physical care, and for Jeffrey to pay child support in accord with the child support guidelines. In 2013, Lisa filed an application to modify the custody, visitation, and support provisions of the decree, seeking physical care of the parties' children. The district court denied the application, and Lisa timely filed this appeal.

"Petitions to modify the physical care provisions of a divorce decree lie in equity. Accordingly, our review is de novo." *In re Marriage of Hoffman*, ___ N.W.2d ___, 2015 WL 2137550, at *4 (Iowa 2015) (citations omitted). "Although we make our own findings of fact, when considering the credibility of witnesses the court gives weight to the findings of the trial court even though we are not bound by them." *Id.* (quotations omitted).

Changing the physical care arrangement of children is one of the most significant modifications that can be undertaken in family law matters. *See In re Marriage of Thielges*, 623 N.W.2d 232, 236 (Iowa Ct. App. 2000). The party requesting modification must first establish a substantial and material change in circumstances. *See Hoffman*, ___ N.W.2d ___, 2015 WL 2137550, at *5. A substantial and material change in circumstances is one that is more or less permanent, not contemplated by the court when the decree was entered, and that affects the children's welfare. *See In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983); *see also Thielges*, 623 N.W.2d at 238. After establishing

a substantial and material change in circumstances, the party seeking modification must also establish the ability to minister more effectively to the needs of the children. *See Frederici*, 338 N.W.2d at 158. "If both parents are found to be equally competent to minister to the children, custody should not be changed." *In re Marriage of Rosenfeld*, 524 N.W.2d 212, 213 (Iowa Ct. App. 1994). To promote stability in the children's lives, our courts have concluded that "once custody of children has been determined, it should be disturbed only for the most cogent reasons." *Dale v. Pearson*, 555 N.W.2d 243, 245 (Iowa Ct. App. 1996). Thus, establishing grounds to modify the physical care arrangement is a "heavy burden." *See Thielges*, 623 N.W.2d at 235–37; *Rosenfeld*, 524 N.W.2d at 213.

Lisa's primary point of contention on appeal is that there has been a substantial breakdown of communication between the parties sufficient to warrant modification. While there is evidence in the record to support a finding that communication between the parties is sometimes strained, it does not rise to the level of a substantial and material change in circumstances. *See In re Marriage of Bolin*, 336 N.W.2.d 441, 446 (Iowa 1983) (holding tension between the parties is not enough). The greater weight of the evidence shows Lisa and Jeffrey can and do effectively communicate regarding their children. They have successfully co-parented the children in the seven years since the parties' dissolution. They text message each other regarding the children. *See, e.g., In re the Marriage of Schilling*, No. 10–0615, 2010 WL 4485814, at *2 (Iowa Ct. App. Nov. 10, 2010) (finding no breakdown in communication where co-parents

spoke telephonically almost every day about the care of their son). They both attend the children's events. Lisa complains that Jeffrey largely does not speak with her at these events. She concedes, however, he also does not insult her or otherwise act inappropriately toward her at these events. They attend parent-teacher conferences together. There is no evidence the parties are uncivil or inappropriate during these meetings. They both have been involved in obtaining medical treatment for B.J.E.'s learning disorder. Most important, there is no showing that the strained communication between the parties negatively affected the welfare of the children. *See In re Marriage of Berns*, No. 13–0013, 2013 WL 4009678, at *3 (Iowa Ct. App. Aug. 7, 2013) ("The parties' inability to communicate alone is not enough, there must be a showing that the lack of communication affects the welfare of the child or that the child will have superior care if physical care is granted to just one parent."); *In re Marriage of Hamilton*, No. 13–1497, 2004 WL 902399, at *2 (Iowa Ct. App. Apr. 28, 2004) (affirming denial of modification where "record supports the conclusion that, except as it relates to communicating with one another, both parties continue to be active, involved and loving parents who more than adequately meet their children's physical, psychological, and emotional needs").

Lisa also argues that Jeffrey's lack of respect for her and hostility toward her constitutes a substantial change in circumstances. *See* Iowa Code § 598.41 (2013) (providing that when considering what custody arrangement is in the best interests of the child the court is to consider "[w]hether each parent can support the other parent's relationship with the child"); *In re Marriage of Crotty*, 584

N.W.2d 714, 716 (Iowa Ct. App. 1998) ("Iowa courts do not tolerate hostility exhibited by one parent to the other."). Lisa cites several instances in which Jeffrey allegedly insulted her in front of the children. Jeffrey denies the conduct. We do not in any way condone the alleged conduct, but we conclude it falls short of constituting a substantial and material change in circumstances. It is the "[d]iscord between parents that has a disruptive effect on children's lives" that creates a substantial change in circumstance. *See Melchiori v. Kooi*, 644 N.W.2d 365, 368 (Iowa Ct. App. 2002); *Marriage of Berns*, 2013 WL 4009678, at *3; *Marriage of Hamilton*, 2004 WL 902399, at *2. There is a lack of evidence establishing the parents' discord, if any, negatively impacted the children. The parties have coparented these children for approximately seven years. Jeffrey's alleged conduct has not interfered with the children's relationship with Lisa. Both of the children love and care for their parents and vice versa. Although we conclude the alleged conduct does not rise to the level of a substantial and material change in circumstances, we do note if the conduct alleged were to persist or escalate to the extent it negatively impacted Lisa's relationship with the children or negatively impacted the children, it could rise to the level of a substantial and material change in circumstances. To the extent Jeffrey blames Lisa for the dissolution of the parties' marriage and demonstrates hostility toward her, he must set that aside, focus on the best interest of B.J.E. and L.J.E., and support their relationship with their mother.

On de novo review, we conclude Lisa failed to establish a substantial change in material circumstances, the ability to minister more effectively to the

needs of the parties' children, and that a change in physical custody is in the best interest of the children.

**AFFIRMED.**