# IN THE COURT OF APPEALS OF IOWA

No. 15-0662
Filed January 27, 2016

**Upon the Petition of**
**KAYLA JO HALE, n/k/a KAYLA**
**JO ROWSON,**
        Petitioner-Appellee,

**And Concerning**
**JASON MICHAEL GUILLIAMS,**
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Clinton County, Paul L. Macek,

Judge.


        Jason Guilliams appeals the denial of his application for modification

concerning the parties' minor child.  **AFFIRMED.**



        M. Leanne Tyler of Tyler & Associates, P.C., Davenport, for appellant.

        Alicia D. Gieck of H.J. Dane Law Office, Davenport, for appellee.



        Considered by Doyle, P.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

Jason Guilliams appeals the district court's ruling denying his request to modify the provision of the parties' paternity decree granting Kayla Rowson physical care of the parties' child. On cross-appeal, Kayla claims the district court erred by allowing a Department of Human Services (DHS) caseworker to testify about a child abuse report. Kayla requests an award of appellate attorney fees. We affirm the ruling of the district court and award Kayla appellate attorney fees.

## I.    BACKGROUND FACTS AND PROCEEDINGS

Jason and Kayla are the unmarried parents of one child, A.G., born in 2010. On May 26, 2011, the district court entered a stipulated order establishing custody, visitation, and child support for A.G. The order provided the parties with joint legal custody and Kayla physical care of A.G. Jason, who had moved to Florida in March 2011, was granted two annual periods of visitation of at least nine days per visit.

Since the entry of the 2011 order, Kayla married Michael Rowson in September 2012. Michael provided substantial care to A.G. Michael and Kayla have one child together, who was two at the time of the modification hearing. Michael has another fifteen year-old child, D.R., from a previous relationship. Michael and Kayla are separated and seeking a divorce. In 2014, Kayla had a brief affair with Joshua McRae, which lasted approximately two months. Kayla allowed Joshua to reside in the home she shared with D.R. and A.G. Joshua sexually abused D.R. The DHS conducted an investigation, which resulted in a

founded child abuse assessment against Kayla for denial of critical care and failure to provide proper supervision for D.R. In her report, the DHS investigator noted some safety concerns and cleanliness problems with Kayla's living conditions. Joshua was subsequently arrested for physically abusing Kayla. As a result of the DHS investigation, a Family Resources case coordinator was assigned to Kayla. The case coordinator had no safety or cleanliness concerns with the residence. Additionally, the case coordinator found Kayla to be a loving, attentive, bonded, and aligned parent; an active parent able to respond to the needs of her children.

Jason married shortly after he moved to Florida in 2011. During this time, Jason was unemployed for approximately a year and half and fell behind on paying child support. At the time of the hearing, Jason was $3487.52 in arrears, but had made substantial strides in remedying the deficit. Jason's family and extended family live near him in Florida. Jason has visited A.G. in Iowa on a few occasions since his move to Florida. He speaks with her on the telephone five to ten times per year.

Jason filed an application for modification of custody and/or visitation and child support on April 21, 2014, claiming a substantial change in circumstances had occurred since the 2011 order. A trial on Jason's application was held on March 3, 2015. The court declined to modify the physical care provisions of the original order, but granted Jason additional visitation time. Jason now appeals.

## II.   STANDARD OF REVIEW

This modification action was tried in equity, and our review is de novo. Iowa R. App. P. 6.907; *In re Marriage of Pals*, 714 N.W.2d 644, 646 (Iowa 2006). However, we give weight to the trial court's findings because it was present to listen to and observe the parties and witnesses. *In re Marriage of McDermott*, 827 N.W.2d 671, 676 (Iowa 2013); *see also* Iowa R. App. P. 6.904(3)(g).

## III.   MERITS

### A.   Modification

Jason claims he demonstrated a "substantial change in circumstances" not within the contemplation of the district court when it entered the decree, and he is the parent best suited to care for the child.

The objective of physical care "is to place the children in the environment most likely to bring them to health, both physically and mentally, and to social maturity." *In re Marriage of Hansen*, 733 N.W.2d 683, 695 (Iowa 2007). Changing physical care of children is one of the most significant modifications that can be undertaken. *In re Marriage of Thielges*, 623 N.W.2d 232, 236 (Iowa Ct. App. 2000). The parent seeking to modify the physical care provision of a paternity decree must prove "there has been a substantial change in circumstances since the time of the decree not contemplated by the court when the decree was entered, which is more or less permanent and relates to the welfare of the child." *See In re Marriage of Malloy*, 687 N.W.2d 110, 113 (Iowa Ct. App. 2004). In addition, the parent seeking to modify physical care has a "heavy burden" and "must show the ability to offer superior care." *Id.*; *see also In*

*re Marriage of Spears*, 529 N.W.2d 299, 301 (Iowa Ct. App. 1994) (stating "once custody of the children has been fixed, it should be disturbed only for the most cogent reasons"). The controlling consideration is the child's best interest. *In re Marriage of Fennelly*, 737 N.W.2d 97, 101 (Iowa 2007).

Jason claims the evidence supporting his modification claim includes Kayla's unstable living conditions, multiple significant others, lack of adult problem-solving skills, integrity when dealing with authorities, psychiatric problems, and lack of support for Jason's relationship with A.G. Upon our de novo review of the record, we conclude Jason failed to prove a substantial change in circumstances, adopting the district court's analysis:

> In this case, [Jason] has not shown an ability to provide superior care. [Jason] has demonstrated that he matured a great deal since leaving for Florida. He has married a woman who is well grounded and a positive influence. He has stopped drinking alcohol and has obtained gainful employment. He is making substantial efforts to provide financially for A.G. He has recognized his shortcomings in this regard and is making progress toward bringing his child support current. He is able to express good will toward [Kayla] and express a willingness to team with her in rearing A.G. On her part, [Kayla] has reared a child who has developed appropriately. There was no evidence that she consumes alcohol to excess. She has provided financially for A.G.; at times she was the sole support for A.G. Arguably, [Jason]'s present situation might be better than that of [Kayla]. He does have the financial support of parents who have the wherewithal to assist mightily. This does beg the question as to where this support resided when [Jason] was paying very little child support and was having only limited contact with A.G. However, that question need not be answered. Suffice to say that if both parties and their parents have learned that it does indeed take a team to raise A.G., she will be much better off. A.G. will be benefitted by greater contact with her father and his family. A change of custody would not benefit her and would actually cause harm.

We affirm the district court's ruling.

**B.      Appellate Attorney Fees**

Kayla requests an award of appellate attorney fees totaling $5000.  An award of appellate attorney fees is not a matter of right but rests within our discretion.  Iowa Code § 600B.1 (2013); *Markey v. Carney*, 705 N.W.2d 13, 25 (Iowa 2005).  Given the circumstances in this action, we award Kayla $2000 in appellate attorney fees.

**IV.      CONCLUSION**

Jason has been unable to show a "substantial change in circumstances since the time of the decree not contemplated by the court when the decree was entered, which is more or less permanent and relates to the welfare of the child"; therefore, we decline to reverse the district court's order.  *See Malloy*, 687 N.W.2d at 113.  Since Kayla has prevailed, we decline to address her cross-appeal.  We award Kayla $2000 in appellate attorney fees.

**AFFIRMED.**