**IN THE COURT OF APPEALS OF IOWA**

No. 15-2092
Filed October 12, 2016


**IN RE THE MARRIAGE OF STACEY MARGARET SCHACHTNER
AND MICHAEL DALE SCHACHTNER**

**Upon the Petition of**
**STACEY MARGARET SCHACHTNER, n/k/a STACEY MARGARET
HERGENRETER,**
        Petitioner-Appellant,

**And Concerning**
**MICHAEL DALE SCHACHTNER,**
        Respondent-Appellee.
_____


        Appeal from the Iowa District Court for Humboldt County, Gary L.

McMinimee, Judge.


        A former wife appeals the modification of a physical-care arrangement.

**AFFIRMED.**


        Andrew B. Howie of Hudson, Mallaney, Shindler & Anderson, P.C., West

Des Moines, for appellant.

        Ryan A. Genest of Culp, Doran & Genest, P.L.C., Des Moines, for

appellee.


        Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**TABOR, Judge.**

Stacey Hergenreter appeals the grant of Michael Schachtner's application to modify the physical-care arrangement of their teenage son. Finding no cogent reason to disturb the district court's ruling, we affirm.

## I. Facts and Prior Proceedings

Stacey and Michael were married for nearly eighteen years and have three sons together. They divorced in 2008. Their two oldest sons have reached the age of majority. Their youngest, R.S., was thirteen years old at the time of the modification hearing. The divorce decree provided for joint custody of R.S., placed physical care with Stacey, and awarded Michael visitation.

In March 2014, the district court modified Michael's child support obligation based on a stipulation by the parties. Shortly after that modification, Michael learned Stacey planned to relocate to Colorado for her work and to be closer to family members. In a text message, Stacey told Michael she hoped to earn more money there and R.S. wanted to move with her to be closer to his older brother, who attended college in Colorado.

In October 2014, Michael filed an application to modify the decree, alleging the following changes: (1) Stacey's relocation to Colorado, (2) her failure to attend to R.S.'s educational needs in their new location, and (3) Stacey's failure to promote a positive relationship between R.S. and Michael. Michael also asserted he could do a better job than Stacey in addressing R.S.'s needs.

The court held a two-day hearing in September 2015. At the time of the modification hearing, Stacey had been in Colorado for about sixteen months. She and R.S. had lived in three different places, having been evicted from their

first apartment. Stacey had changed jobs and had enrolled R.S. in two different school districts. Stacey and Michael both testified, as did Michael's fiancé Deann Merris. Michael offered into evidence numerous text messages showcasing Stacey's derision toward both him and Merris and revealing Stacey had little respect for Michael as a father.

The district court issued its modification order in November 2015, recognizing "the parties have presented a set of circumstances that make for a very difficult decision when one focuses on what is in the best interests of R.S." Ultimately, the court decided Michael had met his burden to show a substantial and material change in circumstances and he would provide superior care for R.S. The district court offered the following credibility assessment: "To the extent that Stacey testified to matters inconsistent with this court's conclusions, this court does not find her testimony credible; her answers to questions were often evasive and on numerous occasions throughout the trial her testimony was inconsistent with evidence this court found far more believable." Stacey appeals the district court's decision.

## II. Standard of Review

We engage in a de novo review of modification proceedings. *See In re Marriage of Hoffman*, 867 N.W.2d 26, 32 (Iowa 2015). Although we are free to reach our own findings of fact, we give weight to the district court's determinations, particularly when considering the credibility of witnesses. *Id.* The controlling consideration is the child's best interests. *Id.* Using that standard allows us flexibility "to consider unique custody issues on a case-by-case basis." *Id.* (citation omitted).

### III. Analysis

As the parent seeking modification, Michael was required to establish by a preponderance of the evidence that conditions since the court entered the decree had changed so materially and substantially that R.S.'s best interests made it advisable to request a different physical-care arrangement. *See id.* The changed circumstances must not have been contemplated by the court issuing the decree, they must not be temporary, and they must relate to the child's welfare. *Id.* Michael also faced a second hurdle—to show he could minister more effectively to R.S.'s needs. *See id.* After independently reviewing the record, but deferring to the district court's credibility determination, we find sufficient proof to justify switching physical care of R.S. from Stacey to Michael.

### A. Material and Substantial Change in Circumstances

As a preliminary matter, Stacey contends we "must measure the substantial change in circumstances from the date of the last court action, March 27, 2014, the date when the court entered the decree modifying Michael's child support." This contention misinterprets long-standing Iowa case law. Michael must show "a material and substantial change in circumstances since the date of the original decree, or of any subsequent intervening proceeding which considered the situation and rights of the parties upon an application for the same relief." *See Shepard v. Gerholdt*, 60 N.W.2d 547, 549 (Iowa 1953). The March 2014 child support order did not address an application concerning custody or physical care of R.S. Accordingly, our benchmark for determining a substantial and material change is from the original decree.

Michael cites three reasons for modification. First, he argues Stacey's out-of-state move and her ensuing instability marks a material and substantial change in circumstances: "Since moving to the State of Colorado, she has resided in three different residences, held two different jobs, and enrolled her child in two different schools." Meanwhile, Michael has remained in the same home where R.S. resided during the marriage and has maintained the same employment. Second, Michael contends R.S. has "suffered academically" since he was placed in Stacey's physical care. Third, Michael points to Stacey's hostility toward him and her efforts to undermine his relationship with R.S.

We agree Stacey's move to Colorado and the concomitant upheaval in residences and educational settings for R.S. should be considered a substantial change in circumstances. *See* Iowa Code § 598.21D (2013) (stating if a parent awarded physical care "is relocating the residence of the minor child to a location which is one hundred fifty miles or more from the residence of the minor child at the time that custody was awarded, the court may consider the relocation a substantial change in circumstances"); *see also In re Marriage of Frederici*, 338 N.W.2d 156, 160 (Iowa 1983) (directing trial courts to consider custodial parent's reason for moving, distance, comparative advantages and disadvantages of the new environment, and impact on the child). We also agree Stacey's continued incivility toward Michael and her failure to promote a positive bond between R.S. and his father warrants modification of the physical-care arrangement. *See Melchiori v. Kooi*, 644 N.W.2d 365, 368 (Iowa Ct. App. 2002) ("Discord between parents that has a disruptive effect on children's lives has been held to be a substantial change of circumstance that warrants a modification of the decree.").

**B. Superior Ability to Minister to Child's Needs**

Stacey contests the district court's conclusion that Michael would be the superior physical-care parent for R.S. She emphasizes her historical role as the children's primary caregiver during the marriage and R.S.'s expressed preference to live with her. She also points to instances of domestic violence committed by Michael before the divorce.

We start by addressing the child's preference. We give due consideration to the opinion of R.S., but we do not defer to him. *See In re Marriage of Thielges*, 623 N.W.2d 232, 239 (Iowa Ct. App. 2000) (explaining a child's preference is entitled to less weight in a modification action than it would have in the original custody proceeding). At the modification hearing, R.S. made a short statement over the telephone regarding his preference for living with his mother. When the district court asked his reasons, the thirteen-year-old replied: "Because of my dad's girlfriend. I just don't like her that much."

But Michael testified R.S. had a good relationship with Merris and that the teenager might have suggested otherwise to avoid hurting his mom's feelings. Merris—who worked as a teacher's assistant—testified R.S. was very respectful but "scared to show his emotions" toward her. Merris also told the court R.S. would warm up to her after several days of visitation with his dad. On this record, we decline to reverse the district court's decision based on the teenager's viewpoint.

As for Stacey's remaining points, we believe they were aptly addressed by the district court. The court recognized "Stacey has played a substantially greater role than Michael in R.S.'s life and clearly there is a strong bond between

Stacey and R.S." But the court found a countervailing risk in Stacey's unabated hostility toward Michael and her resistance to supporting his relationship with R.S. The court reasoned:

> Because it is the policy of this state to preserve the parental relationships of both parents, it is in R.S.['s] best interest that his physical care be awarded to Michael. Moreover, it appears that Michael would support Stacey's relationship with R.S. and would be better able to address R.S.'s educational needs.

On the issue of education, the record indicated R.S. struggled with attendance and grades while enrolled in middle school both in Iowa and then in Colorado. The parents disagreed on the source of R.S.'s difficulties. Michael blamed Stacey for not ensuring R.S. completed homework assignments and arrived at class on time. Stacey asserted R.S. was bright and liked school but suffered from anxiety, which led to his academic problems. Like the district court, we believe R.S. has a better chance of getting back on track academically while in the physical care of his father, given Michael's more stable living and employment situation in Iowa.

Finally, Stacey asserts on appeal that "Michael's physical assaults" on her during the marriage and his violation of a no-contact order show he is not the superior parent. The district court noted the only documentary evidence of domestic violence offered at the modification hearing was a 1994 conviction for domestic abuse assault. Michael testified at the hearing that he benefited from domestic violence intervention programming he was ordered to attend as a result of that conviction and he believed he had "owned up" to his responsibilities. The district court opined: "Whatever shortcomings Michael may have had in the past

as a husband and father, he now appears genuinely interested in being part of R.S.'s life, and R.S. is still young enough that that can happen."

We reach the same conclusions as the district court. The best interests of a child include "the opportunity for maximum continuous physical and emotional contact possible with both parents," and "[r]efusal by one parent to provide this opportunity without just cause shall be considered harmful to the best interest[s] of the child." Iowa Code § 598.1(1). Stacey's reluctance to support a positive relationship between R.S. and Michael undermines her assertion she would be the superior physical-care parent. Accordingly, we affirm the district court's modification of the decree placing physical care with Michael.

Considering the relative financial positions of the parties and Michael's obligation to defend the modification order on appeal, we decline to award appellate attorney fees. *See In re Marriage of Berning*, 745 N.W.2d 90, 94 (Iowa Ct. App. 2007). Each party shall pay half of the costs of the appeal.

**AFFIRMED.**